IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CARLOS FABIAN HERNANDEZ PENATE,**
      Petitioner,

      **v.**                                  Civil No. **3:26CV635 (RCY)**

**JEFF CRAWFORD,** *et al.,*
      Respondents.

### MEMORANDUM OPINION

Carlos Fabian Hernandez Penate ("Petitioner") is an alien who is present in the United States without admission. Through counsel, he filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, the § 2241 Petition will be GRANTED. Respondents will be ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

### I.  BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States without inspection in 2001. Mem. Supp. Pet. ¶¶ 5, 17, ECF No. 2. Petitioner has resided in the United States for eight years. *Id.* ¶ 2. Petitioner represents that his record consists "primarily" of traffic and other misdemeanor matters, and that he  is pursuing relief from removal in the form of Asylum and qualifies for relief in the form of a T visa. *Id.* ¶¶ 2–3.

On July 7, 2026, Petitioner filed his § 2241 Petition, accompanied by an Emergency Motion for Temporary Restraining Order. ECF No. 3. The Court granted the Emergency Motion in part and enjoined Respondents from removing or transferring Petitioner, pending adjudication of the Petition. ECF No. 7. The Court further directed Respondents to file a responsive pleading addressing, *inter alia*, whether the factual and legal issues presented in this Petition differ in any

material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at \*1 (E.D. Va. Feb. 3, 2026).  Order, ECF No. 7.

Respondents timely submitted a responsive Notice.  ECF No. 8.  Respondents advised that no material differences exist between this case and the facts and issues presented in *Duarte Escobar v. Noem*,[1] 3:25-cv-758 (E.D. Va. Oct. 27, 2025), and Respondents accordingly recommended that this Court incorporate the filings in *Duarte Escobar* into the record of this habeas action.  *Id.* at 1.  Petitioner filed no reply, and the time for doing so has passed.  Because the issues involved in this case and the pending TRO Motion have been adjudicated to exhaustion in this District, the Court finds no hearing to be necessary on the present Petition or TRO Motion.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  *Id.*  "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States."  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## III.    ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

---

[1] Respondents appear to have used a template Notice and in so doing, misidentified the case as to which this Court sought comparison.  However, given that *Duarte Escobar* also involved the question of whether an individual who entered the country without inspection and is thereafter apprehended inside the country is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a), *see Duarte Escobar v. Perry*, Civil Action No. 3:25CV758, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025), ECF Nos. 21, 22, the Court accepts Respondents' incorporation of their prior arguments and proceeds accordingly.

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. In opposition, Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Duarte Escobar*. Resp., ECF No. 8. Accordingly, the Court understands Respondents' position to be that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *See Duarte Escobar v. Perry*, No. 3:25CV758 (MHL), 2025 WL 3006742 (E.D. Va. Oct. 27, 2025), ECF Nos. 21, 22.

This Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), which substantially accorded with that of *Duarte Escobar v. Perry*, No. 3:25CV758 (MHL), 2025 WL 3006742 (E.D. Va. Oct. 27, 2025), into this Memorandum Order. That same reasoning has been applied by this Court as well as in several other cases before other courts in this District.[2]

Petitioner has been present in the United States for eight years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in the course of which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court acknowledges the "active circuit split about whether Section 1225(b)(2)(A) . . . may be construed to deny bond hearings to noncitizens mandatorily detained after entering the country without authorization." *Suri v. Trump*, __ F.4th __, 2026 WL 2123557, at *33 n.* (4th

---

[2] *See, e.g.*, *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025).

Cir. July 23, 2026) (Wilkinson, J., dissenting) (citing cases).[3]  While none of these out-of-circuit decisions are binding, their weight aligns with the outcome reached by this Court.  And so, until the Fourth Circuit takes up the question or the Supreme Court resolves the circuit split, the Court comfortably adopts and applies its analysis from *Ortega Miranda* to the facts of the present case. And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

## IV.  CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition will be GRANTED and the Emergency Motion for TRO will be GRANTED IN PART.  An appropriate Order will issue.

_____ /s/ *RCY*

Roderick C. Young
United States District Judge

Date:  August 7, 2026
Richmond, Virginia

---

[3] The split presently stands as follows:  the Eighth Circuit and one Fifth Circuit panel have adopted DHS's interpretation of 1225(b)(2)(A), *see Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), *petition for cert. filed*, No. 26-43 (U.S. July 14, 2026), while another panel of the Fifth Circuit acknowledged *Buenrostro-Mendez*'s statutory holding but required bond hearings on constitutional grounds, *see Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *vacated and reh'g en banc granted*, __ F.4th __, 2026 WL 2014647 (5th Cir. July 10, 2026), and the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits have all rejected DHS's interpretation, *see Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *petition for cert. filed*, No. 26-104 (U.S. July 24, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. filed*, No. 25-1415 (U.S. June 22, 2026); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 U.S. App. LEXIS 22875 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 U.S. App. LEXIS 22798 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026).

4